[Cite as *State v. Grey*, 2016-Ohio-3249.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                 )
                                          )

    PLAINTIFF-APPELLEE,     )
                                          )      CASE NO. 15 CO 0011

V.                           )
                                          )      OPINION

CHAD R. GREY,            )
                                          )

    DEFENDANT-APPELLANT.   )

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 2014 CR 226

JUDGMENT:                           Affirmed

APPEARANCES:
For Plaintiff-Appellee               Robert Herron
                                            Prosecutor
                                            Timothy J. McNicol
                                            Assistant Prosecutor
                                            105 South Market Street
                                            Lisbon, Ohio 44432

For Defendant-Appellant             Attorney Dominic A. Frank
                                            1717 Lisbon Street
                                            East Liverpool, Ohio 43920

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: May 31, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, Chad Grey, appeals from a Columbiana County Common Pleas Court judgment convicting him of illegal use of a minor in nudity oriented materials or performance, importuning, and disseminating matter harmful to juveniles, following his guilty plea.

{¶2} On June 26, 2014, a Columbiana County Grand Jury indicted appellant on one count of illegal use of a minor in nudity-oriented material or performance, a fifth-degree felony in violation of R.C. 2907.323(A)(3); one count of importuning, a fifth-degree felony in violation of R.C. 2907.07(D)(1); and one count of disseminating matter harmful to juveniles, a first-degree misdemeanor in violation of R.C. 2907.31(A)(1). Appellant initially entered a not guilty plea.

{¶3} Pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant later changed his plea to guilty to the charges in the indictment. In exchange, the state agreed to take no position on community control but if the court did impose community control, it would recommend a six-month term at Eastern Ohio Correctional Center and sex offender counseling. The plea agreement set out that the state would recommend a sentence of nine months for illegal use of a minor in nudity-oriented material or performance, nine months for importuning, and six months for disseminating matter harmful to juveniles, to be served concurrently. The plea agreement also stated that appellant would request community control sanctions and/or a lesser sentence. The trial court accepted appellant's plea and set the matter for sentencing.

{¶4} At the sentencing hearing, the trial court sentenced appellant to nine months for illegal use of a minor in nudity-oriented material or performance, nine months for importuning, and six months for disseminating matter harmful to juveniles, to be served concurrently. The court also designated appellant as a Tier I sex offender/child victim offender.

{¶5} Appellant filed a timely notice of appeal on March 25, 2015. That same day, he filed a motion to stay the execution of his sentence with the trial court. The trial court denied appellant's motion for a stay. Appellant then filed a motion for a

stay of execution with this court, which we granted pending this appeal. Appellant now raises two assignments of error.

{¶6} Appellant's first assignment of error states:

THE TRIAL COURT ERRED BY IMPOSING A SENTENCE THAT IS CONTRARY TO LAW WHEN IT SENTENCED APPELLANT TO A TERM GREATER THAN THE MINIMUM.

{¶7} Appellant argues the trial court erred by sentencing him to a more-than-minimum sentence.

{¶8} As to his sentence for illegal use of a minor in nudity-oriented material or performance, appellant first states there is a presumption that a prison sentence will not be imposed. He asserts that before the trial court could sentence him to a prison term for this offense, it had to make a determination that community control sanctions would not adequately fulfill the overriding purposes and principals of sentencing pursuant to R.C. 2929.13(B)(1)(c). Appellant contends the court failed to make a determination regarding his amenability to community control sanctions prior to imposing a prison term. On this basis, appellant argues his sentence for illegal use of a minor in nudity-oriented material or performance is contrary to law.

{¶9} As to his sentence for importuning, appellant again asserts there is no presumption of prison. He contends the trial court proceeded on the assumption that prison was favored and failed to determine whether he was amenable to community control sanctions. Appellant argues that applying a presumption in favor of prison where no presumption exists renders a sentence contrary to law.

{¶10} The Ohio Supreme Court has recently held that when reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 1.

{¶11} Appellant was convicted of two fifth-degree felonies and one first-

degree misdemeanor. The possible prison sentences for a fifth-degree felony are: six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). The maximum possible jail term for a first-degree misdemeanor is 180 days. R.C. 2929.24(A)(1). The trial court sentenced appellant to nine months for each of the two felonies and six months for the misdemeanor. Therefore, each of the sentences is within the applicable statutory range.

{¶12} Appellant claims the court erred in sentencing him to prison when there was no presumption of prison. At oral argument, he argued the court failed to follow the applicable sentencing statutes.

{¶13} Generally, if an offender is convicted of a fifth-degree felony that is not an offense of violence or a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration. R.C. 2929.13(B)(1)(a).

{¶14} But pursuant to R.C. 2929.13(B)(1)(b):

> (b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:
>
> * * *
>
> (v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

{¶15} Here appellant was convicted of two fifth-degree, sex-offense felonies in violation of R.C. 2907.323(A)(3) and R.C. 2907.07(D)(1). Therefore, it was within the trial court's discretion to sentence him to a prison term on each of these offenses. Consequently, the fact that the court sentenced appellant to prison terms does not render his sentences contrary to law. On the contrary, prison terms were statutorily authorized given that appellant's fifth-degree felonies were sex offenses in violation of R.C. Chapter 2907.

**{¶16}** The trial court recognized this at the sentencing hearing, stating:

> Let the record reflect that I did consider the fact that Mr. Grey is charged with low level fourth [sic.] and fifth degree felonies. There is a presumption for community control. However, that presumption is rebutted because he is charged and has pled guilty to certain sex offenses.

(Tr. 30). These comments demonstrate that the court was aware that generally for a fifth-degree felony there is a presumption for community control but because this case involved sex offenses, that presumption was removed.

**{¶17}** And yet another statutory section should be considered. Pursuant to the importuning statute under which appellant was convicted:

> A violation of division (B) or (D) of this section is a felony of the fifth degree on a first offense, and, *notwithstanding division (B) of section 2929.13 of the Revised Code , there is a presumption that a prison term shall be imposed* as described in division (D) of section 2929.13 of the Revised Code.

(Emphasis added); R.C. 2907.07(F)(3). Thus, for appellant's importuning conviction there was a statutory presumption of a prison term.

**{¶18}** Therefore, appellant's prison sentences are not contrary to law. Accordingly, appellant's first assignment of error is without merit.

**{¶19}** Appellant's second assignment of error states:

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT SENTENCED APPELLANT TO A TERM GREATER THAN THE MINIMUM.

**{¶20}** In this assignment of error, appellant argues that the trial court abused its discretion in sentencing him to a more-than-minimum sentence. He contends the

court failed to consider whether he was amenable to community control sanctions or whether community control sanctions would not demean the seriousness of the offenses or fail to protect the public.

{¶21} The standard of review for felony sentencing no longer contains an abuse-of-discretion component. *Marcum*, 2016-Ohio-1002, at ¶ 10. Therefore, we will not consider whether the trial court abused its discretion in sentencing appellant to a more-than-minimum sentence. Instead, we will consider whether the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes. *Id.* at ¶ 1.

{¶22} At the sentencing hearing, the trial court expressed its reasoning for imposing a prison sentence on appellant. It stated that appellant's position as a substitute gym teacher led to some of the conduct involved here. (Tr. 30). It stated that it listened to victim A.A.'s statement wherein she stated she felt pressure to continue in this relationship. (Tr. 30). It pointed out that appellant, who was 26 years old at the time, sent photographs of his exposed private parts and of him touching himself to victim A.H., who was 11 years old at the time. (Tr. 30). And it noted that appellant solicited A.A. for a sexual relationship when she was 14 years old. (Tr. 30). Finally, the court told appellant that it did not think he was a bad person but that he made several horrible decisions that impacted, and continue to impact, the victims in this case. (Tr. 31).

{¶23} Additionally, in the sentencing judgment entry, the court noted that it received a presentence investigation. It also stated that it listened to statements from counsel, A.H., A.H.'s grandmother, and three witnesses on appellant's behalf. And it stated that it listened to appellant's statement on his own behalf where he expressed his remorse.

{¶24} The trial court demonstrated that it carefully considered many factors in sentencing appellant. The court considered appellant's position as a substitute teacher, the age of the victims, and the impact his conduct had on them. The court also noted that appellant was not a bad person, but that he made several horrible

choices. The court also considered the presentence investigation, the statements made at sentencing, and appellant's remorse. The court then imposed a sentence that was in the middle of the range of possible prison sentences and ordered the sentences to be served concurrently. There is no indication in the record that the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes.

**{¶25}** Accordingly, appellant's second assignment of error is without merit.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.