[Cite as *State v. Taylor*, 2018-Ohio-1528.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio,                          :

    Plaintiff-Appellee,          :

                                           No. 17AP-329

v.                                     :      (C.P.C. No. 16CR-5963)

Clarence E. Taylor,                    :      (REGULAR CALENDAR)

    Defendant-Appellant.        :

---

### D E C I S I O N

#### Rendered on April 19, 2018

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee. **Argued:** *Valerie Swanson*.

**On brief:** *Timothy Young*, Ohio Public Defender, and *Stephen P. Hardwick*, for appellant. **Argued:** *Stephen P. Hardwick*.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Clarence E. Taylor, appeals a judgment of conviction entered by the Franklin County Court of Common Pleas. Although we find no error in connection with the trial court's acceptance of Taylor's guilty pleas, we reverse the judgment and remand with instructions to enter a new judgment entry that reflects the dismissal of the repeat violent offender specification to the aggravated robbery conviction.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 26, 2016, an indictment was returned against Taylor for (1) aggravated robbery (R.C. 2911.01), with a three-year firearm specification and a repeat

violent offender specification; (2) robbery (R.C. 2911.02), with a three-year firearm specification and a repeat violent offender specification; (3) robbery (R.C. 2911.02), with a three-year firearm specification; and, (4) having weapons while under disability (R.C. 2923.13). Taylor pled not guilty and the case proceeded to trial.

{¶ 3} Following the first day of trial, Taylor agreed to plead guilty to Count 1, aggravated robbery, a first-degree felony, with a three-year firearm specification, and to aggravated menacing, a stipulated lesser-included offense of Count 4. As part of the plea agreement, the state asked the trial court to dismiss two lesser-included charges of robbery as well as any remaining specifications. During the trial court's plea colloquy with Taylor, the trial court addressed the issue of post-release control as follows:

> THE COURT: Finally, if I accept your guilty plea and you are sent to prison, you will be placed on post-release control whereby the Adult Parole Authority will supervise your behavior upon your release for up to five years. If you were to violate the terms of your release, the Adult Parole Authority can extend your time on post-release control or return you to prison for up to one half of your original sentence. Do you understand?
>
> DEFENDANT TAYLOR: Yes, ma'am.

(Jan. 17, 2017 Tr. at 140-41.)

{¶ 4} The trial court also confirmed that prior to signing the guilty plea form, Taylor read and reviewed the form with his attorney. The guilty plea form reflects an "X" in the box indicating that post-release control will be "Five Years - Mandatory." Additionally, Taylor signed a document titled "NOTICE (Prison Imposed)" that states Taylor will have a period of post-release control of five years after his release from prison.

{¶ 5} After completing the colloquy, the trial court accepted Taylor's guilty pleas to aggravated robbery, a felony of the first degree, with the three-year firearm specification, and to aggravated menacing, a misdemeanor of the first degree. The trial court further orally ordered "a nolle on Count Two and Three and the remaining specifications." *Id.* at 145.

{¶ 6} The trial court's judgment entry reflects Taylor's guilty pleas to these charges and states that "a Nolle Prosequi shall be entered as to Counts Two and Three and the Specifications as to Count Three of the indictment." (Apr. 12, 2017 Jgmt. Entry at 1.) The

judgment entry does not address the repeat violent offender specification attached to the aggravated robbery charge in Count 1 of the indictment.

{¶ 7} Taylor appeals assigning the following errors:

[1.] The trial court erred by accepting an involuntary guilty plea.

[2.] The trial court erred by failing to include in its judgment entry that a nolle prosequi had been ordered for the repeat-violent-offender specification in Count 1.

## LEGAL ANALYSIS

{¶ 8} As noted by the Supreme Court of Ohio in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748:

A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision. The benefit to a defendant of agreeing to plead guilty is the elimination of the risk of receiving a longer sentence after trial. But, by agreeing to plead guilty, the defendant loses several constitutional rights. The exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is fully informed of the consequences of his or her plea. Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid.

(Citations omitted.) *Id.* at ¶ 25, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶ 9} "To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea. See *State v. Ballard* (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; Crim.R. 11(C), (D), and (E). It follows that, in conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *Id.* at ¶ 26.

{¶ 10} Before accepting Taylor's plea, the trial court was bound by the requirements of Crim.R. 11(C)(2).

Under this rule, the trial judge may not accept a plea of guilty or no contest without addressing the defendant personally and (1) "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition

of community control sanctions at the sentencing hearing," (2) informing the defendant of the effect of the specific plea and that the court may proceed with judgment and sentencing after accepting it, and ensuring that the defendant understands these facts, and (3) informing the defendant that entering a plea of guilty or no contest waives the constitutional rights to a jury trial, to confrontation, to compulsory process, and to the requirement of proof of guilt beyond a reasonable doubt and determining that the defendant understands that fact.

*Id.* at ¶ 27; Crim.R. 11(C)(2)(a) through (c).

{¶ 11} "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no contest plea is invalid 'under a presumption that it is entered involuntarily and unknowingly.' " *Id.* at ¶ 31, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. "However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and effect of the plea, a substantial compliance rule applies. Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." (Citation omitted.) *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 12} "When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory post-release control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Clark* at ¶ 32. The test for prejudice is " 'whether the plea would have otherwise been made.' " *Id.*, quoting *Nero* at 108; *State v. Rodriguez*, 10th Dist. No. 17AP-78, 2017-Ohio-9130, ¶ 17. If a trial judge completely fails to comply with the rule, e.g., by not informing the defendant of a mandatory period of post-release control, the plea must be vacated. *Clark* at ¶ 32, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, paragraph two of the syllabus. " 'A complete failure to comply with the rule does not implicate an analysis of prejudice.' " *Clark* at ¶ 32, quoting *Sarkozy* at ¶ 22.

{¶ 13} In his first assignment of error, Taylor contends that the trial court erred by accepting an involuntary guilty plea. We disagree.

{¶ 14} Taylor does not challenge the trial court's explanation of his constitutional rights. Rather, he challenges the trial court's explanation of the maximum possible penalty and effect of his plea—a nonconstitutional right. In its plea colloquy with Taylor, the trial court stated that his guilty plea would result in a period of post-release control "up to" five years. By suggesting that Taylor could receive less than the mandatory five years of post-release control, we agree with Taylor that the trial court failed to substantially comply with Crim.R. 11. *State v. Lang*, 8th Dist. No. 92099, 2010-Ohio-433, ¶ 11 (advising defendant that he was subject to three years of post-release control instead of the mandatory five years of post-release control was not substantial compliance). However, given that the trial court informed Taylor that there would be period of post-release control, we find that the trial court partially complied. *State v. Knox*, 2d Dist. No. 25774, 2015-Ohio-433, ¶ 11 (partial compliance with Crim.R. 11 is established when trial court discusses post-release control at the plea hearing, but misinforms the defendant as to whether post-release control is mandatory or discretionary); *Rodriguez* at ¶ 21 (partial compliance with Crim.R. 11 is established when trial court discusses post-release control at the plea hearing, but incorrectly tells defendant that the period of post-release control is 3 years rather than the mandatory 5 years). Therefore, Taylor must demonstrate that he was prejudiced by the inaccurate statement to invalidate his plea. *Clark* at ¶ 32; *Lang* at ¶ 12; *Rodriguez* at ¶ 21.

{¶ 15} Taylor points to nothing in the record that suggests his guilty plea was influenced in any way by the trial court's inaccurate suggestion that he might receive less than the mandatory five years of post-release control. As noted by the state, the guilty plea form Taylor signed indicates that Taylor will receive a mandatory five-year period of post-release control. Taylor stated during his plea colloquy that he had read the guilty plea form and reviewed it with his counsel, who answered any questions he might have had. Taylor also signed a document titled "NOTICE (Prison Imposed)" that states he will have a five-year period of post-release control. Nothing in the record indicates that Taylor had any questions or expressed any concerns regarding the length of post-release control. Taylor points to nothing in the record that suggests his guilty plea was influenced in any way by the trial court's inaccurate suggestion that he could receive less than the mandatory five-year term of post-release control. Because we find that Taylor has not demonstrated prejudice, we overrule his first assignment of error. *Rodriguez* at ¶ 24.

{¶ 16} In his second assignment of error, Taylor contends that the trial court erred by failing to include in its judgment entry a nolle prosequi for the repeat violent offender specification in Count 1. The state concedes this error.

{¶ 17} As part of the negotiated plea, Taylor entered a guilty plea to aggravated robbery, with a three-year firearm specification and aggravated menacing as a lesser-included offense of Count 4. The trial court orally granted a nolle prosequi to the remaining charges and specifications in the indictment. However, the judgment entry only reflects a nolle prosequi as to Counts 2 and 3 and the specifications contained in Count 3 of the indictment. We agree with the parties that the trial court erred by failing to include in its judgment entry a nolle prosequi for the repeat violent offender specification associated with Count 1. Therefore, we sustain Taylor's second assignment of error, reverse the judgment, and remand this case with instructions to issue a new judgment entry that includes the dismissal of the repeat violent offender specification associated with Count 1 of the indictment.

*Judgment reversed; case remanded with instructions.*

BROWN, P.J., and HORTON, J., concur.

————————