[Cite as *State v. Goode*, 2023-Ohio-863.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No.  S-22-012

      Appellee                               Trial Court No.  21-CR-723

v.

Donald E. Goode                          **DECISION AND JUDGMENT**

      Appellant                              Decided:  March 17, 2023

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**MAYLE, J.**

## I. Introduction

{¶ 1} Following a plea, Donald Goode, was convicted of importuning and

disseminating harmful material to a juvenile and sentenced to serve six months in prison

by the Sandusky County Court of Common Pleas.  On appeal, Goode argues that the trial

court erred in imposing prison time.  For the following reasons, we affirm the trial court

judgment.

## II. Background

{¶ 2} Goode was indicted on charges of importuning, in violation of R.C. 2907.07(D)(2),(F)(3), a felony of the fifth degree (Count 1), attempted unlawful sexual conduct with a minor, in violation of R.C. 2923.02(A),(E)(1) and 2907.04(A),(B)(3), a felony of the fourth degree (Count 2) and disseminating matter harmful to juveniles, in violation of R.C. 2907.31(A)(1), a felony of the fifth degree (Count 3). The charges stemmed from allegations that Goode engaged in electronic and telephonic communications with a law enforcement officer who was posing as a 15-year-old male. During those communications, Goode sent an image of a penis and solicited the person to engage in sexual conduct (oral sex). Goode was arrested at a location in Fremont, where he had arranged to meet the purported fifteen-year-old.

{¶ 3} On February 16, 2022, as part of a plea agreement, Goode entered a plea of guilty to Counts 1 and 3, and Count 2 was dismissed. The court ordered a presentence investigation ("PSI") in preparation for sentencing. Following a hearing on March 30, 2022, the trial court sentenced Goode to serve six months in prison as to Counts 1 and 3, to be served concurrently. It also classified Goode as a Tier 1 sex offender and imposed a mandatory term of five years of postrelease control. Goode's conviction and sentence were memorialized in a judgment journalized on April 22, 2022.

{¶ 4} Goode appealed and raises a single assignment of error for our review:

Assignment of Error: It was an abuse of discretion for the Trial Court to find the presumption of prison had not been overridden.

## III. Analysis

{¶ 5} Felony sentences are *not* reviewed for an abuse of discretion. Instead, we review a challenge to a felony sentence under R.C. 2953.08(G)(2), which directs that "[t]he appellate court's standard for review is *not* whether the sentencing court abused its discretion." (Emphasis added.) *See, e.g.*, *State v. Stein*, 6th Dist. Lucas No. L-19-1171, 2021-Ohio-761, ¶ 41 ("We do not review felony sentences under an abuse of discretion standard."); *State v. McClellan*, 6th Dist. Erie No. E-19-075, 2020-Ohio-5551, ¶ 6 ("Felony sentences are not reviewed under an abuse of discretion standard."). R.C. 2953.08(G)(2) further specifies that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

{¶ 6} Goode does not challenge his sentence under any of the statutes identified in R.C. 2953.08(G)(2)(a). That leaves only subsection (b)—whether Goode's sentence is otherwise clearly and convincingly contrary to law. The phrase "otherwise contrary to law" simply means "'in violation of statute or legal regulations at a given time.'" *State v.*

3.

*Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22, quoting *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34.

{¶ 7} Goode was convicted of importuning and disseminating matter harmful to juveniles, both fifth degree felonies.  The trial court sentenced Goode to serve six months in prison as to each count, to be served concurrently.

{¶ 8} On appeal, Goode does not challenge his sentence as to the disseminating harmful materials offense.  Instead, his appeal is limited to the sentence imposed for importuning.  R.C. 2907.07 provides, in relevant part.

> (D) No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:  * * *

> (2) The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age. * * *

> (F)(1) Whoever violates this section is guilty of importuning. * * *

4.

(3) *A violation of division * * * (D) of this section is a felony of the fifth degree on a first offense, and,* notwithstanding division (B) of section 2929.13 of the Revised Code, *there is a presumption that a prison term shall be imposed* as described in division (D) of section 2929.13 of the Revised Code. * * * (Emphasis added.)

{¶ 9} Thus, under R.C. 2907.07(F)(3), "there as a statutory presumption of a prison term." *State v. Grey,* 7th Dist. Columbiana No. 15CO0011, 2016-Ohio-3249, ¶ 17. *See also State v. Tharp,* 8th Dist. Cuyahoga No. 104216, 2016-Ohio-8316, ¶ 15 ("Pursuant to R.C. 2907.07(F)(3), 2929.13(F)(4), and 2929.14(A)(5), there is a presumption of a prison term of between six and 12 months for an importuning conviction."). Although R.C. 2929.13(B)(1)(b) provides that a trial court generally "has discretion" to impose a prison term upon an offender who is convicted of or pleads guilty to an offense if "(iv) [t]he offense is a sex offense that is a * * * fifth degree felony violation of any provision of Chapter 2907 [Sex offenses]"—which would include importuning—R.C. 2907.07(F)(3) explicitly narrows that "discretion" by specifying that "notwithstanding" R.C. 2929.13(B), there is a presumption in favor of prison.

{¶ 10} In addition, we note that R.C. 2907.07(F)(3) states that "there is a presumption that a prison term shall be imposed *as described in division (D) of section 2929.13 of the Revised Code.*" (Emphasis added). R.C. 2929.13(D) states that for certain specifically-enumerated felony offenses—that do not include importuning under R.C. 2907.07—"it is presumed that a prison term is necessary in order to comply with the

5.

purposes and principles of sentencing under section 2929.11 of the Revised Code."
When harmonizing these two provisions, we find R.C. 2907.07(F)(3) indicates that the
presumption of a prison sentence for the offense of importuning shall operate "as
described" in R.C. 2929.13(D) for certain other felony offenses. That is, for importuning
under R.C. 2907.07, there is a presumption that prison is necessary to comply with the
requirements of R.C. 2929.11.

{¶ 11} Here, the trial court indicated that it did not "believe the presumption has
been overcome" in this case. The court proceeded to impose, as to each fifth-degree
felony offense—importuning and disseminating harmful material—a definite prison term
of six months, which was within the statutorily-permissible range under R.C.
2929.14(A)(5) ("For a felony of the fifth degree, the prison term shall be a definite term
of six, seven, eight, nine, ten, eleven, or twelve months."). The court ordered that the
prison terms be served concurrently. The trial court also imposed a mandatory five-year
period of postrelease control, which was appropriate under R.C. 2967.28(B)(1).

{¶ 12} Goode acknowledges that the importuning offense carries with it a
presumption of prison time, but he argues that he overcame that presumption. Goode
points to the absence of any "meaningful prior criminal history," his compliance while
out on bond, and his "genuine remorse."

{¶ 13} At its heart, Goode's challenge is to the trial court's weighing of R.C.
2929.11 and 2929.12. But, under *Jones*, we may not independently weigh the evidence
and substitute our judgment for that of the trial court regarding the appropriate sentence

6.

under R.C. 2929.11 and 2929.12, nor may we modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes. *Jones,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, at ¶ 39, 41-42. *Accord State v. Montez*, 6th Dist. Lucas No. L-21-1086, 2022-Ohio-640, ¶ 14. (Finding defendant's argument—that he sufficiently rebutted the presumption in favor of prison for gross sexual imposition—was, "at its heart" a challenge to the trial court's weighing of factors under R.C. 2929.11 and 2929.12 and therefore precluded by *Jones).*

{¶ 14} Finally, Goode complains that the trial court "failed to explain which * * * statements [by Goode] showed a lack of remorse." But, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones* at ¶ 20.

{¶ 15} Based upon the above, we find that the trial court's imposition of a six-month prison term for importuning was not contrary to law. *Accord State v. Bartholomew,* 4th Dist. Pickaway No. 19CA29, 2020-Ohio-4611, ¶ 29. Therefore, we find his assignment of error not well-taken.

## IV. Conclusion

{¶ 16} We affirm the April 4, 2022 judgment of the Sandusky County Court of Common Pleas. Goode is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.          _____
                    JUDGE
Gene A. Zmuda, J.

                  _____
Myron C. Duhart, P.J.         JUDGE
CONCUR.

                  _____
                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.