[Cite as *State v. Mathis*, 2023-Ohio-4006.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-23-1038

Appellee                                          Trial Court No.  CR0202202776

v.

Joseph Mathis                                   **DECISION AND JUDGMENT**

Appellant                                          Decided:  November 3, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant Joseph Mathis appeals the judgment of the Lucas County Court of Common Pleas convicting him following a plea of guilty to one count of felonious assault and sentencing him to serve an indefinite prison sentence of four to six years.  For the following reasons, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} On October 19, 2022, the Lucas County Grand Jury indicted Mathis on one count of kidnapping in violation of R.C. 2905.01(A)(2) and (C), a felony of the first degree, and one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree. Both offenses included firearm specifications under R.C. 2941.141 and 2941.145.

{¶ 3} On December 9, 2022, Mathis withdrew his initial plea of not guilty and pleaded guilty to the count of felonious assault. In exchange, the state agreed to dismiss the count of kidnapping as well as the firearm specifications. Following a detailed Crim.R. 11 colloquy, the trial court accepted Mathis's plea and found him guilty. The court then continued the matter for preparation of a presentence investigation report.

{¶ 4} At the sentencing hearing on January 5, 2023, counsel for Mathis spoke in mitigation; Mathis declined to make any statement of his own. Counsel acknowledged the circumstances of the event wherein Mathis engaged in an argument with his girlfriend culminating in Mathis driving his vehicle "rather rapidly in her direction." Notably, although it was initially alleged that a gun was used at the time—with a witness having heard a gunshot and a bullet casing found on the porch—no gun was discovered. Counsel also recognized Mathis's current status on federal supervised release as well as his criminal history, which included serving ten years in prison for manslaughter and five years in prison for a felony drug charge. Counsel argued that prior to this incident, Mathis had been doing well on federal supervised release and had begun working. He

2.

surmised that Mathis's conduct may have been due to a failure to receive proper medication for his diagnosed paranoid schizophrenia. Finally, counsel noted that the victim did not want Mathis to be sentenced to significant incarceration.

{¶ 5} The trial court then addressed Mathis and recounted Mathis's criminal history including four felony-level offenses as a juvenile, the manslaughter charge that was negotiated down from murder, the first-degree felony drug offense, and several other felonies. The court remarked that Mathis did not seem capable of complying with the law and he considered Mathis to be a dangerous individual. Having considered the presentence investigation report, the victim impact statements, counsel's statements in mitigation, the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12, the trial court ordered Mathis to serve an indefinite prison term of four to six years.

## II. Assignment of Error

{¶ 6} Mathis has timely appealed his judgment of conviction and now asserts one assignment of error for review:

> 1. The Trial Court's imposition of a prison sentence was an abuse of discretion because the Trial Court sentenced Mathis without considering the mitigating factors.

## III. Analysis

{¶ 7} Felony sentences are reviewed pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part,

3.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8} Here, none of the findings under R.C. 2953.08(G)(2)(a) are applicable; thus, Mathis must demonstrate that his sentence is "otherwise contrary to law" under R.C. 2953.08(G)(2)(b). "Contrary to law" means "'in violation of statute or legal regulations at a given time.'" *State v. Goode*, 6th Dist. Sandusky No. S-22-012, 2023-Ohio-863, ¶ 6, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34; *see also State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

{¶ 9} In his assignment of error, Mathis argues that the trial court did not fully consider the mitigating factors of the offense, in particular that he did not actually hit the victim with his car and that he possibly was not properly medicated at the time and had he been the offense may not have occurred. However, Mathis's arguments that the trial

4.

court did not properly consider the mitigating factors under R.C. 2929.12(C) cannot be reviewed by this court.

{¶ 10} R.C. 2953.08(G)(2) "does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." *State v. Reynolds*, 6th Dist. Sandusky Nos. S-22-022, S-22-023, 2023-Ohio-2624, ¶ 10, quoting *Bryant* at ¶ 21; *see also Jones* at ¶ 41-42.  Thus, this court cannot review the trial court's finding and weighing of those factors, and his assignment of error on this issue may be summarily denied.  *State v. Bowles*, 2021-Ohio-4401, 181 N.E.3d 1226, ¶ 8, 10 (6th Dist.), citing *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 1.

{¶ 11} Accordingly, Mathis's assignment of error is not well-taken.

### IV. Conclusion

{¶ 12} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed.  Mathis is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.              _____
                                                    JUDGE

Gene A. Zmuda, J.

                                          _____
Charles E. Sulek, J.                              JUDGE
CONCUR.

                                          _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.