OPINION *Page 2 
{¶ 1} Defendant-appellant Marion Lewis, Jr. appeals from the resentencing order entered by the Columbiana County Common Pleas Court advising him of post-release control, which the original sentencing order failed to do. Counsel filed a no merit brief with a proposed assignment of error based upon appellant's argument below that the failure to originally advise him of post-release control barred any current imposition of such term. For the following reasons, the judgment of the trial court is affirmed and counsel is permitted to withdraw.
 STATEMENT OF THE CASE {¶ 2} Appellant was indicted for murder and unauthorized use of a motor vehicle. On November 26, 1997, appellant entered into a negotiated plea whereby he pled guilty to a lesser charge of voluntary manslaughter along with the unauthorized use charge. Appellant agreed that that sentence would run consecutively to his sentence in a Summit County case where he also agreed to plead guilty. Upon accepting the plea, the court sentenced appellant to consecutive sentences of ten years and one year as recommended by the state and ordered this sentence to run consecutively to the Summit County case as agreed by appellant.
 {¶ 3} Because the sentencing entry did not mention post-release control as required by the Ohio Supreme Court and statute, appellant was ordered to be returned for resentencing prior to serving his eleven-year sentence in this case. His resentencing occurred on January 31, 2008. Appellant argued that because post-release control was not part of his original plea or sentence, the addition of it now would be a breach of contract and a violation of his double jeopardy rights. He stated that he would forgo these arguments if the court agreed to run his sentence concurrent with the Summit County Case. (Tr. 5, 9-10). The court thereafter reimposed the same sentence but added language regarding post-release control both orally and in writing.
 NO MERIT BRIEF *Page 3 {¶ 4} Appellant filed timely notice of appeal, and new counsel was appointed to represent him in the appeal. On June 13, 2008, counsel filed a motion to withdraw and a no merit brief with a proposed assignment of error. This court provided appellant until August 10, 2008 to file his own brief, but he did not do so.
 {¶ 5} When appellate counsel seeks to withdraw and alleges that there are no meritorious arguments for appeal, the filing is known as a no merit or an Anders brief. See Anders v. California (1967), 386 U.S. 738. In this district, it has also been called a Toney brief. See State v.Toney (1970), 23 Ohio App.2d 203. We explained the following points and procedures in Toney:
 {¶ 6} An indigent defendant's constitutional right to counsel on his direct appeal requires that court-appointed counsel make arguments in support of the appeal to the best of his ability. If, after a conscientious examination of the case, counsel concludes there are no good grounds for appeal, counsel should so advise the court and request permission to withdraw, accompanying his request with a brief if counsel finds anything in the record that might arguably support the appeal. A copy of counsel's request and brief is to be furnished to the defendant, who is given time to raise any additional points.
 {¶ 7} The appellate court then examines the record and reviews any arguments presented by counsel or the defendant. If the court agrees that there are no good grounds for appeal, it may grant counsel's request to withdraw and affirm the trial court's judgment. If the court finds any legal points arguable on the merits, the court shall afford the indigent defendant assistance of counsel to argue the appeal. Id. at syllabus, 206-207, citing Anders, 382 U.S. at 774.
 PROPOSED ASSIGNMENT OF ERROR {¶ 8} From appellant's correspondence with counsel and his arguments presented in the trial court, counsel has drafted the following proposed assignment of error for our consideration:
 {¶ 9} "THE ADDITION OF POST RELEASE CONTROL TERMS TO THE DEFENDANT/APPELLANT'S SENTENCE ON JANUARY 31, 2008 VIOLATED DEFENDANT/APPELLANT'S DUE PROCESS RIGHTS AND/OR FIFTH AMENDMENT RIGHTS AS THE SAME WAS NOT PART OF THE ORIGINAL PLEA *Page 4 
CONTRACT AND/OR WAS THE RESULT OF NEGLIGENCE OF THE TRIAL COURT."
 {¶ 10} Counsel points out, however, that this procedure (of calling for resentencing in the absence of post-release control notification at the original sentencing hearing and in the sentencing entry) was created by the Ohio Supreme Court even prior to the more recent statute allowing such correction. That is, R.C. 2929.191 provides that if prior to the July 11, 2006 effective date of the statute, the court imposed a sentence and failed to notify the offender that he will be subject to post-release control, then any time before the offender is released from imprisonment under that term, the court may hold a hearing and then prepare and issue a correction to the judgment of conviction that provides for post-release control. R.C. 2929.191 (A)(1).
 {¶ 11} Regardless of this statute, the Supreme Court has stated that since post-release control is a mandatory part of a sentence, the failure to notify the offender of such at the sentencing hearing and the failure to place the notice in the sentencing entry renders the sentence as if it had not been rendered. Yet, the failure to give the notice does not relieve the offender of post-release control as long as he was properly provided such notification prior to his release from his relevant term of imprisonment. State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085.
 {¶ 12} Thus, once a sentence is served, the released offender is not subject to post-release control, and the error cannot be rectified by resentencing. State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250. However, prior to the termination of the sentence, the void sentence can be reversed and remanded by the appellate court for resentencing. Id. Moreover, prior to termination of the sentence, the trial court can sua sponte or on the urging of the state recall the prisoner for resentencing where it is discovered that his sentence was lacking in this regard. State ex rel. Crusado v. Zaleska, 111 Ohio St. 3d 353,2006-Ohio-5795 (noting that the judge followed the procedures of the new statute, which was not yet in effect at the time of resentencing). See, also, State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197 (where, prior to statute's enactment, state moved trial court to resentence defendant due to issue with post-release control notification). *Page 5 
 {¶ 13} As for appellant's double jeopardy argument, the Supreme Court has already held that jeopardy does not attach in such cases as the sentence is voided and thus the correction of the sentence to add post-release control does not violate double jeopardy.Simpkins, 117 Ohio St.3d 420 at ¶ 8; Jordan, 104 Ohio St.3d 21
at ¶ 24-25; Bezak, 114 Ohio St.3d 94 at ¶ 10. See, also, State v.Beasley (1984), 14 Ohio St.3d 74, 75-76 (where a certain prison sentence was mandatory but court only fined defendant, resentencing does not violate double jeopardy as jeopardy did not attach to the original sentence).
 {¶ 14} The Supreme Court has also held that such resentencing for correction does not violate principles of finality, fairness, res judicata or due process. Simpkins, 117 Ohio St.3d 420 at ¶ 8, 24, 34, 36-37 (in a case where resentencing occurred near the end of the sentence). This Simpkins case additionally pointed out, while noting it was not dispositive to the holding, that the defendant had been advised of post-release control in his plea. Id. at fn.3. Here, appellant had also been advised of such when pleading. See November 26, 1997 Judicial Advice to Defendant.
 {¶ 15} Contrary to appellant's contention below, the court's failure did not result in a breached plea agreement. The plea agreement did not contain an agreed upon sentence. It merely stated what the state would recommend and that the defendant would agree that his sentence in the current offense should run consecutive with his Summit County offense. The state did not promise there would be no post-release control, which it could not do in any case. Moreover, the plea agreement specifically acknowledged that the court was not bound by the agreement or recommendations. Finally, appellant did not seek plea withdrawal below, and thus such concept is not before us now. See Jordan,104 Ohio St.3d 21 at ¶ 28. For all of these reasons, counsel's proposed assignment of error is without merit.
 {¶ 16} Another potential argument of appellant deals with his urging the court below to consider deleting the consecutive sentence as it related to the Summit County case. However, appellant's plea specifically agreed that his sentence in this case would run consecutive to the sentence in Summit County.
 {¶ 17} As for the maximum, consecutive sentences in this case, the trial court's sentence is within the statutory bounds, and there is no indication that it is otherwise *Page 6 
contrary to law. Appellant was charged with the brutal murder of a woman whose car he then drove away. The court was permitted to consider the circumstances of the case, notwithstanding the plea to voluntary manslaughter. See State v. Moore, 7th Dist. No. 03BE22, 2003-Ohio-4888, ¶ 20-21, citing State v. Burton (1977), 52 Ohio St.3d 21, 23. Finally, the court is no longer required to give reasons and findings in support of maximum or consecutive sentences, and there are no Blakely issues preserved for review regarding the prior sentencing. See State vPayne, 114 Ohio St.3d 502, 2007-Ohio-4642; State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 18} For the foregoing reasons, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.
Waite, J., concurs.
 DeGenaro, P.J., concurs. *Page 1