[Cite as *State v. Yarochovitch*, 2017-Ohio-4293.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104572

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## OLEH YAROCHOVITCH

### DEFENDANT-APPELLANT

### JUDGMENT:
### VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-599568-A, CR-15-600628-A, and CR-15-601090-A

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 15, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
BY:    Paul Kuzmins
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Anna Woods
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Oleh Yarochovitch, asks this court to vacate his guilty pleas in three cases because the trial court failed to fulfill its obligations under Crim.R. 11. After a thorough review of the record and law, this court vacates appellant's guilty pleas, and remands.

## I. Factual and Procedural History

{¶2} Appellant, along with two others, were charged with crimes related to a string of burglaries against mostly elderly victims. The three would break into a home, sometimes when an occupant was present but doing yard work outside, and steal valuables. In one incident, security camera footage captured the license plate number of the car used during the break-ins. This led police to appellant and his accomplices. After search warrants were executed, police found valuables belonging to some of the victims in the possession of appellant and his codefendants.

{¶3} During pretrials, the state and appellant negotiated a plea agreement that would allow him to plead guilty to reduced and amended charges. On April 12, 2016, in Cuyahoga C.P. No. CR-15-599568-A, appellant pled guilty to one count of escape, a fifth-degree felony violation of R.C. 2921.34(A)(1); one count of breaking and entering, a fifth-degree felony violation of R.C. 2911.13(A); and one count of theft, a fifth-degree felony violation of R.C. 2913.02(A)(1). In Cuyahoga C.P. No. CR-15-600628-A, appellant pled guilty to one count of burglary, a second-degree felony violation of R.C.

2911.12(A)(2); one count of theft, a fourth-degree felony violation of R.C. 2913.02(A)(1); and one count of receiving stolen property, a fifth-degree felony violation of R.C. 2913.51(A). Finally, in Cuyahoga C.P. No. CR-15-601090-A, appellant pled guilty to two counts of burglary, second-degree felony violations of R.C. 2911.12(A)(2); seven counts of theft, fifth-degree felony violations of R.C. 2913.02(A)(1); one count of theft, a fourth-degree felony violation of R.C. 2913.02(A)(2); and one count of theft, a first-degree misdemeanor violation of R.C. 2913.02(A)(1). At the change of plea hearing, appellant asserts, and the state concedes, that the court did not inform appellant about postrelease control for any of these charges.

{¶4} Sentencing occurred on May 10, 2016. The court imposed a total sentence spanning all three cases of 14 years and 11 months.[1] The court also imposed a period of postrelease control in each case. Appellant then filed the instant appeal assigning one error for review:

> I. The appellant's plea was not knowingly, voluntarily and intelligently made where the trial court failed to advise the appellant that he would be subject to post[]release control upon release from prison.

## II. Law and Analysis

{¶5} Appellant argues that the complete failure of the trial court to advise him of postrelease control at the plea hearing renders his pleas invalid.

---

[1] The court's sentencing entries swapped sentences between two cases. This court remanded the matter for the trial court to correct this error with only limited success, but enough to provide final orders of sentence in each case capable of invoking this court's jurisdiction.

**{¶6}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) places a burden on the trial court to inform a criminal defendant of certain rights, and instilling in the defendant an understanding of the effects of his or her plea. Without doing so, the court *shall not* accept a plea of guilty or no contest. *Id*. Where the advisement involves constitutional rights, the court must strictly comply; where the rights involved are nonconstitutional, substantial compliance is sufficient. *State v. Taylor*, 8th Dist. Cuyahoga No. 101609, 2015-Ohio-1643, ¶ 8-9. The maximum penalty a defendant may face is a nonconstitutional right, where a review for substantial compliance may be appropriate.

**{¶7}** The jurisprudence of the Supreme Court of Ohio has made clear this burden, and the result that must occur where the court fails to properly inform a criminal defendant of a mandatory term of postrelease control. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. There, the court held that "[i]f the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause." *Id*. at paragraph two of the syllabus.

**{¶8}** There is a distinction in appellate review based on whether a court substantially complies with informing the defendant of a nonconstitutional right or

completely fails to inform a defendant of such. "If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect, i.e., that the defendant would not have otherwise entered the plea. However, if the trial court completely failed to comply, the plea must be vacated." (Citations omitted.) *State v. Goodson*, 8th Dist. Cuyahoga Nos. 101830 and 101831, 2016-Ohio-1535, ¶ 10. Where a court completely fails to mention postrelease control, a prejudice analysis is inapplicable. *Sarkozy* at ¶ 22.

{¶9} Here, the trial court failed to mention any term of postrelease control at the plea hearing or possible penalties associated with violations thereof when postrelease control was mandatory for the second-degree felonies in CR-15-601090-A and CR-15-600628-A.[2] *See* R.C. 2967.28. Therefore, *Sarkozy* dictates that this court must vacate appellant's guilty pleas and remand the cause to the trial court.

{¶10} The state asks this court to consider an exception to the rule enunciated in *Sarkozy*. The state asserts that appellant will never be on postrelease control, so no prejudice can result or will result in this case from a lack of information regarding postrelease control. The state argues that because appellant may be subject to deportation, he will be deported upon release from prison and not placed on postrelease

---

[2] The holding in *Sarkozy* has been extended by other courts to include discretionary periods of postrelease control, which include the majority of the remaining charges across the three cases. *State v. Jones*, 1st Dist. Hamilton Nos. C-130825 and C-130826, 2014-Ohio-4497, ¶ 14; *State v. Souris*, 9th Dist. Summit No. 24550, 2009-Ohio-3562, ¶ 7; *State v. Floyd*, 12th Dist. Warren No. CA2016-09-077, 2017-Ohio-687, ¶ 17.

control. This amounts to a prejudice argument.

{¶11} The state further argues that matters regarding postrelease control were addressed during the plea colloquy and that appellant had no questions. The discussion that did take place during the plea colloquy was in regard to appellant's violation of conditions of what he termed "probation" at the plea hearing. The state argues that appellant knew he would be placed on postrelease control as a result of these convictions.[3] There is nothing in the record to support that statement. Additionally, the state's arguments miss the mark.

{¶12} The requirements set forth in Crim.R. 11 are a mandatory duty the trial court must fulfill before accepting a guilty plea. It is incumbent on the trial court to set forth the maximum penalties a defendant faces as a part of ensuring that a guilty plea is knowingly, intelligently, and voluntarily made. The court's responsibility is not fulfilled where the court fails to mention the imposition of postrelease control. *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, at ¶ 22. Where a court completely fails to mention any period of applicable mandatory postrelease control during the plea colloquy, a prejudice analysis is not implicated. *Id*. A complete failure results in an inability for the court to fulfill its obligations under Crim.R. 11. The *Sarkozy* court

---

[3] At oral arguments, the state asserted that appellant was on postrelease control for the very same offense for which postrelease control was mandatory in the present case. The state argues, therefore, that appellant knew postrelease control would be a part of his sentence. However, this cuts against the state's argument that appellant will be immediately deported and not placed on postrelease control when he was not immediately deported following the previous conviction, but was on postrelease control when he committed the offenses that form the basis for this appeal.

rejected a substantial compliance argument made by the state and the need for defendants to show prejudice when a court completely fails to advise them of postrelease control. *Id.* This court cannot impute knowledge to a defendant, as the state asks, when it is the trial court's obligation to specifically convey that information. Therefore, appellant's sole assignment of error is sustained.

### III. Conclusion

{¶13} The trial court failed to inform appellant that he would be subject to postrelease control during the plea colloquy. This constitutes a complete failure to advise appellant of the maximum penalties and requires this court to vacate appellant's guilty pleas. The fact that appellant may be subject to deportation does not abrogate the application of the holding of the Supreme Court of Ohio in *Sarkozy*. The trial court did not fulfill its obligation to inform appellant of postrelease control prior to accepting his plea.

{¶14} This cause is vacated and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR