[Cite as *State v. Carey*, 2018-Ohio-4703.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106878**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CHRISTOPHER CAREY**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-621722-A

**BEFORE:** Laster Mays, J., McCormack, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 21, 2018

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
2200 Terminal Tower
50 Public Square
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Amanda Hall
          Gregory J. Ochocki
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Christopher Carey ("Carey") appeals his guilty plea and asks this court to vacate his plea and remand to the trial court for further proceedings.    We affirm the trial court.

{¶2} Carey pleaded guilty to attempted felonious assault, a third-degree felony, in violation of R.C. 2923.02/2903.11(A)(1).    Carey was sentenced to 36 months in prison and advised that he would be placed on mandatory postrelease control for three years.

I.    Facts

{¶3} During Carey's plea hearing, after advising Carey of his constitutional rights that he would be giving up by entering a plea, the trial court communicated to him the possible penalties associated with a third-degree felony.    The trial court explained that there was a potential that

Carey would be sentenced to 9, 12, 18, 24, 30, or 36 months in prison, or community control

sanctions.   (Tr. 8.)   When discussing the details of the penalties associated with Carey's plea,

the trial court stated,

> There's also a potential for a community control sanctions, which is probation
> where the [c]ourt and the probation department will impose rules on you that you
> have to follow.   If you fail to follow those rules, the [c]ourt could then send you
> to prison or impose other more restrictive sanctions on your probation.
>
> If you're sent to prison, when you're released you will be supervised by the Ohio
> adult parole authority for three years.   The supervision is called [postrelease]
> control.   If you're on [postrelease] control, you must follow the rules of the
> parole authority.   If you fail to follow the parole authority's rules, they have the
> power to send you back to prison for a total of up to half of whatever your original
> sentence was.   Any violation of the parole authority's rules could result in a
> residential sanction which could include any prison term up to nine months.
>
> The rules on [postrelease] control will require you to report to a parole officer. If
> you ever fail to report, the parole authority could punish you and send you back to
> prison.   You could also be subject to being indicted on a separate felony called
> escape.   That means the judge assigned to the new indictment could also punish
> you with time in prison, even if the parole authority also punished you for not
> reporting by returning you to prison.
>
> That's true as well of any other felony you might commit on [postrelease] control.
>   The parole authority could punish you. [The] Judge assigned to the new case
> could also punish you.
>
> If you're convicted of a felony when you're on [postrelease] control, that
>
> sentencing judge has the option to impose a consecutive prison term for the
>
> amount of time remaining on [postrelease] control or 12 months, whichever is
>
> longer.   Do you understand all that?

(Tr. 8-10.)

{¶4} As a result of this instruction, Carey assigns one error for our review:

I.      The trial court erred when it failed to notify Carey at his plea hearing that
        [postrelease] control would be mandatory.   This violated Crim.R.
        11(C)(2)(a) and rendered Carey's guilty plea involuntary and unintelligent.

## II.     Law and Analysis

{¶5} In Carey's sole assignment of error, he argues that the trial court did not advise him at the plea hearing that postrelease control would be mandatory and therefore the trial court erred.

{¶6} Crim.R. 11(C)(2)(a) requires a trial court during a plea hearing to fully advise the defendant of the consequences of his plea, including mandatory postrelease control, otherwise the plea is invalid.  *State v. Perry*, 8th Dist. Cuyahoga No. 82085, 2003-Ohio-6344, ¶ 11. Specifically, Crim.R. 11(C)(2)(a) requires the trial court to determine that the defendant understands "the maximum penalty involved."   This court has previously explained:

> "'[P]ostrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of postrelease control from the trial court, appellant could not fully understand the consequences of his plea as required by Crim.R. 11(C).'"   *State v. Griffin*, 8th Dist. Cuyahoga No. 83724, 2004-Ohio-4344, ¶ 13, quoting *State v. Jones*, 8th Dist. Cuyahoga No. 77657, 2001 Ohio App. LEXIS 2330 (May 24, 2001).

*State v. Harris*, 8th Dist. Cuyahoga No. 99919, 2014-Ohio-925, ¶ 6

{¶7} Additionally, in deciding whether to accept a guilty plea, a trial court "must determine whether the defendant knowingly, intelligently, and voluntarily entered the plea." *State v. Eckler*, 4th Dist. Adams No. 09CA878, 2009-Ohio-7064, ¶ 48.   During an appellate court's review of a trial court's acceptance of a guilty plea, it "'examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards.'"   *Id.*, quoting *State v. Jodziewicz*, 4th Dist. Adams No. 98CA667, 1999 Ohio App. LEXIS 1855 (Apr. 16, 1999).   Further, "[a]n appellate court's review of a Crim.R. 11(C)(2) colloquy is contingent on whether the defendant complains of

either a failure to inform him of a constitutional right or a failure to inform him of a non-constitutional right." *State v. Gaspareno*, 2016-Ohio-990, 61 N.E.3d 550, ¶ 50 (3d Dist.). While a trial court is required to strictly comply with Crim.R. 11(C)(2) with respect to constitutional rights, "if the appeal concerns non-constitutional rights, then we review the colloquy to ensure that the trial court substantially complied with Crim.R. 11(C)(2)." *State v. Rodriguez*, 2017-Ohio-9130, 101 N.E.3d 1154, ¶ 15 (10th Dist.).

**{¶8}** Carey states that his plea was not made intelligently, knowingly, and voluntarily and therefore, the trial court violated Crim.R. 11(C)(2)(a). Crim.R. 11(C)(2)(a) states,

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> > (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶9}** Carey's argument relies on *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. In *Sarkozy*, the appellant, Sarkozy, argued "that because he was not advised of postrelease control before he entered his plea, the trial court did not determine that he was entering his guilty plea voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved, as required by Crim.R. 11." *Id*. at ¶ 12.

**{¶10}** The Supreme Court held that

> [a]fter reviewing the totality of the circumstances, Sarkozy could not have subjectively understood that postrelease control was part of his sentence when the trial court failed to advise him of postrelease control and its ramifications during the plea colloquy. Accordingly, we hold that if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon

direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause.

*Id*. at ¶ 25.

{¶11} Carey's argument also relies on the decision in *State v. Yarochovitch*, 2017-Ohio-4293, 92 N.E.3d 304, ¶ 5 (8th Dist.), where the "[a]ppellant argues that the complete failure of the trial court to advise him of postrelease control at the plea hearing renders his pleas invalid." As in *Sarkozy*, in *Yarochovitch*, "the trial court failed to mention any term of postrelease control at the plea hearing or possible penalties associated with violations thereof when postrelease control was mandatory for the second-degree felonies * * *." *Id.* at ¶ 9. The court held that, "[t]he trial court failed to inform appellant that he would be subject to postrelease control during the plea colloquy. This constitutes a complete failure to advise appellant of the maximum penalties and requires this court to vacate appellant's guilty pleas." *Id*. at ¶ 13.

{¶12} In both cases, the trial court failed to mention anything about postrelease control at the plea hearing but, then at sentencing, sentenced the appellants to mandatory postrelease control. These cases can be distinguished from Carey's case because the trial court conducted a substantial colloquy regarding postrelease control at the plea hearing and advised Carey that if he was sent to prison he would be supervised by the Ohio adult parole authority for three years. While the trial court in its explanation of the penalties did not use the word "mandatory," it instead used the word "will" followed by a sentence using the word "if." Carey argues that the trial court erred by using "will" versus "mandatory" in combination with the word "if." We disagree.

**{¶13}** The words "will" and "mandatory" are interchangeable and both can be used when describing postrelease control. The statutory requirements are clear when stating:

> "The court at a sentencing hearing must notify the offender that he or she 'will' or 'may' 'be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for' a felony. R.C. 2929.19(B)(2)(c) and (d). The offender 'will' be supervised if the offender has been convicted of a felony subject to mandatory postrelease control. R.C. 2929.19(B)(2)(c) and 2967.28(B)."

*State v. Tolbert*, 2017-Ohio-9159, 103 N.E.3d 245, ¶ 20 (8th Dist.), quoting *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 9.

**{¶14}** Carey's argument that the trial court must use the word "mandatory" is without merit.

> "The fact that the word 'mandatory' does not appear in the transcript is not dispositive." *State v. Hopkins*, 6th Dist. Lucas No. L-10-1127, 2012-Ohio-6065, ¶ 11. The trial court's statement to Rucker that "you'll be on a period of supervision" was sufficient to notify Rucker of the mandatory nature of his postrelease control. *See State v. Lake*, 6th Dist. Wood No. WD-10-058, 2012-Ohio-1236, ¶ 6 (court's statement to defendant that "you will be subject to five years of postrelease control" left "no doubt that postrelease control was mandatory"); *State v. Tucker*, 8th Dist. Cuyahoga No. 95289, 2011-Ohio-1368, ¶ 9 ("The word 'will' leaves no room for discretion or any other possibility."). Further, the statement in the judgment entry that Rucker "shall be supervised * * * for five (5) years" makes it clear that the postrelease control is mandatory. *See Lakewood v. Papadelis*, 32 Ohio St.3d 1, 3, 511 N.E.2d 1138 (1987) ("[t]he word 'shall' has been consistently interpreted to make mandatory the provision in which it is contained").

*State v. Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111, ¶ 7.

**{¶15}** Carey also argues that the sentence beginning with "if you're on postrelease control," is further proof that postrelease control is not mandatory. We disagree. We determine that the trial court was not stating that postrelease control is discretionary, but rather explaining who will then have authority over Carey and the consequences of violating the rules of postrelease control.

{¶16} After a review of the record, we find that the trial court complied with the requirements of Crim.R. 11(C)(2)(a) and therefore a prejudicial effect analysis is unwarranted as mentioned in Carey's appeal. We find that Carey's plea was made knowingly, voluntarily, and intelligently.

{¶17} Therefore, we overrule Carey's sole assignment of error.

{¶18} Judgment affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

TIM McCORMACK, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR