[Cite as *State v. Austin*, 2019-Ohio-1983.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 105981 |
| v. | : | |
| JAMES AUSTIN, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 23, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-608502-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and John D.R. Kirkland, Assistant Prosecuting Attorney, *for appellee.*

John P. Parker, *for appellant.*

EILEEN T. GALLGHER, P.J.:

{¶ 1} Defendant-appellant, James Austin, appeals from his convictions and sentence following a guilty plea. He raises the following assignment of error for review:

The plea bargain must be vacated or specifically enforced because the appellant was promised an eight year sentence, which the court agreed to enter, and the court instead of honoring that agreement imposed eight years plus five years postrelease control. Appellant's guilty pleas were thus not knowingly, voluntarily, and intelligently entered and Crim.R. 11 was violated as well as the Fifth, Sixth, and Fourteenth Amendments of the federal Constitution.

{¶ 2} After careful review of the record and relevant case law, we affirm Austin's convictions and sentence.

## I. Procedural and Factual History

{¶ 3} In August 2016, Austin was named in a 23-count indictment, charging him with three counts of aggravated burglary, three counts of kidnapping, three counts of aggravated robbery, two counts of intimidation of a crime victim, four counts of having weapons while under disability, and single counts of grand theft, improper handling of a firearm in a motor vehicle, carrying a concealed weapon, and receiving stolen property.

{¶ 4} In June 2017, the matter proceeded to a jury trial. In the midst of trial, however, defense counsel informed the trial court that Austin wished to accept a plea offer that was discussed with the state prior to trial. At that time, the state advised the court that pursuant to a plea agreement, Austin would plead guilty to an amended indictment and accept an agreed-upon sentence of eight years in prison.

{¶ 5} The trial court then proceeded with a Crim.R. 11 colloquy to ensure Austin understood the constitutional and nonconstitutional rights he would be waiving by pleading guilty. Relevant to this appeal, the trial court expressly advised Austin of his postrelease control obligations, stating:

TRIAL COURT: Do you also know for the felony of the first degree, those three F-1s, you shall be subject to five years postrelease control. That's a parole period after incarceration. If you violated the terms of postrelease control you may look at additional time of up to half of your original sentence and/or a charge of felony escape if you are violated by the parole authority or the Department of Correction. * * * Do you understand?

AUSTIN: Yes.

{¶ 6} The trial court then asked Austin whether any threats or promises had been made to him in exchange for his change of plea. When Austin responded that he was promised "eight years," the trial court explained that while the court was not required to do so, it would "accept the agreed mandatory eight years aggregate sentence" as a condition of the plea.

{¶ 7} Following the court's Crim.R. 11 advisements, Austin retracted his former plea of not guilty and entered a plea of guilty to aggravated burglary, a felony of the first degree, with a three-year firearm specification (amended Count 1); aggravated burglary, a felony of the first degree, with a one-year firearm specification and notice of prior conviction specification (amended Count 5); kidnapping, a felony of the first degree (amended Count 6); two counts of intimidation of a crime victim or witness, a felony of the third degree (Counts 9 and 16); having weapons while under disability, a felony of the third degree (Count 10); and carrying a concealed weapon, a felony of the fourth degree, with forfeiture specifications (Count 22). The remaining counts were nolled.

{¶ 8} Upon accepting Austin's guilty pleas, the trial court proceeded directly with sentencing and imposed the aggregate eight-year prison term. In

addition, the court imposed five years of mandatory postrelease control on Austin's first-degree felony offenses, and discretionary postrelease control for a period of up to three years on his remaining counts.

{¶ 9} Austin now appeals.

## II. Law and Analysis

{¶ 10} In his sole assignment of error, Austin argues his plea agreement with the state must be vacated because his guilty plea was not knowingly, voluntarily, and intelligently made. Austin contends that the trial court failed to advise him that, in addition to the agreed-upon sentence of eight years in prison, he was subject to a mandatory period of postrelease control.

{¶ 11} In considering whether a plea was entered knowingly, intelligently, and voluntarily, "an appellate court examines the totality of the circumstances through a de novo review of the record." *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 7.

{¶ 12} Crim.R. 11(C) provides that a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The purpose of Crim.R. 11(C) is to convey relevant information to the defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 13} Under Crim.R. 11(C), prior to accepting a guilty plea in a felony case, the trial court must conduct an oral dialogue with the defendant to ensure (1) that

the plea is voluntary, with the understanding of the nature of the charges and the maximum penalty involved and, if applicable, that the defendant is not eligible for community control sanctions; (2) that the defendant understands the effect of his or her plea; and (3) that the defendant understands the constitutional rights he or she waives by pleading guilty, including the rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(a)-(c); *see, e.g., State v. Hussing*, 8th Dist. Cuyahoga No. 97972, 2012-Ohio-4938, ¶ 18.

{¶ 14} The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *Ballard* at paragraph one of the syllabus. The constitutional rights include the rights to a jury trial, to confront witnesses, to have compulsory process to obtain witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(c); *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 21. When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was entered involuntarily and is therefore invalid. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶ 15} As to the nonconstitutional rights, substantial compliance is sufficient. *Id.*; *State v. Hedenberg*, 8th Dist. Cuyahoga No. 102112, 2015-Ohio-4673, ¶ 12; *Veney* at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Furthermore, a trial court's failure to properly advise a defendant of his nonconstitutional rights will not invalidate a plea unless the defendant demonstrates prejudice. *Id.* "The test for prejudice is whether the plea would have otherwise been made." *Id.*

{¶ 16} The nonconstitutional rights listed in Crim.R. 11 include the defendant's right to be informed of the "maximum penalty involved." *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 19 (8th Dist.). Postrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. *State v. Griffin*, 8th Dist. Cuyahoga No. 83724, 2004-Ohio-4344, ¶ 13; *State v. Jones*, 8th Dist. Cuyahoga No. 77657, 2001 Ohio App. LEXIS 2330 (May 24, 2001). Thus, to substantially comply with Crim.R. 11(C)(2)(a), this court has found that the trial court must advise a defendant of any mandatory postrelease control period at the time of the defendant's plea. *State v. Bell*, 8th Dist. Cuyahoga No. 96446, 2011-Ohio-5667, ¶ 10, citing *State v. Conrad*, 8th Dist. Cuyahoga No. 88934, 2007-Ohio-5717. "'Without an adequate explanation by the trial court of postrelease control, a defendant cannot fully understand the consequences of his plea as required by Criminal Rule 11(C).'" *Id.*, quoting *Griffin* at ¶ 13.

{¶ 17} In this case, Austin argues the trial court did not comply with the requirements of Crim.R. 11(C) because it failed "to inform [him] that postrelease control was mandatory." Austin therefore contends his guilty pleas were not knowingly, voluntarily, and intelligently entered. Austin asserts that, had the trial court advised him that postrelease control was a condition of his plea agreement, "he would not have accepted the plea" and would "have continued with his jury trial which was nearly completed."

{¶ 18} In support of his argument, Austin relies on the Ohio Supreme Court's decision in *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, and this court's decision in *State v. Yarochovitch*, 2017-Ohio-4293, 92 N.E.3d 304 (8th Dist.).

{¶ 19} In *Sarkozy*, the defendant argued "that because he was not advised of postrelease control before he entered his plea, the trial court did not determine that he was entering his guilty plea voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved, as required by Crim.R. 11." *Id.* at ¶ 12. Upon review, the Ohio Supreme Court determined that the defendant could not have subjectively understood that postrelease control was part of his sentence when the trial court failed to advise him of postrelease control and its ramifications during the plea colloquy. *Id.* at ¶ 25. Thus, the court vacated the defendant's plea, stating:

> [I]f the trial court fails during the plea colloquy to advise a defendant
> that the sentence will include a mandatory term of postrelease control,

the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause."

*Id.*

{¶ 20} Similarly, the appellant in *Yarochovitch* argued "that the complete failure of the trial court to advise him of postrelease control at the plea hearing renders his pleas invalid." *Yarochovitch* at ¶ 5. This court agreed, stating:

> The requirements set forth in Crim.R. 11 are a mandatory duty the trial court must fulfill before accepting a guilty plea. It is incumbent on the trial court to set forth the maximum penalties a defendant faces as a part of ensuring that a guilty plea is knowingly, intelligently, and voluntarily made. The court's responsibility is not fulfilled where the court fails to mention the imposition of postrelease control. Where a court completely fails to mention any period of applicable mandatory postrelease control during the plea colloquy, a prejudice analysis is not implicated. A complete failure results in an inability for the court to fulfill its obligations under Crim.R. 11.

*Id.* at ¶ 13.

{¶ 21} After careful review, we find *Sarkozy* and *Yarochovitch* to be distinguishable from the circumstances presented in this case. As stated, the trial courts in *Sarkozy* and *Yarochovitch* both completely failed to mention postrelease control during the Crim.R. 11 colloquy. *Sarkozy* at ¶ 22; *Yarochovitch* at ¶ 9. Thus, the trial courts in those cases failed to substantially comply with their obligation to explain the maximum penalties the defendants could receive as a result of their guilty pleas, and the defendants' guilty pleas had to be vacated.

{¶ 22} In contrast, the trial court in this case specifically advised Austin that he "shall be subject to five years postrelease control" on his first-degree felony offenses. *See Lakewood v. Papadelis*, 32 Ohio St.3d 1, 3, 511 N.E.2d 1138 (1987)

("[t]he word 'shall' has been consistently interpreted to make mandatory the provision in which it is contained."). The court further advised Austin of the consequences for violating the terms of his postrelease control. In response, Austin verbally confirmed that he understood the court's postrelease-control advisement. (Tr. 531-532.)

{¶ 23} Viewing the Crim.R. 11 colloquy in its entirety, it is clear Austin subjectively understood that a mandatory five-year period of postrelease control would necessarily be part of his sentence. While Austin noted during the plea hearing that he was promised an eight-year sentence, no objection was raised following the postrelease-control advisement and Austin did not seek to withdraw his plea once postrelease control was imposed at sentencing. Under these circumstances, we find the trial court, at the very least, substantially complied with the nonconstitutional requirements of Crim.R. 11(C)(2)(a). Accordingly, we find Austin's guilty pleas were knowingly, intelligently, and voluntarily made.

{¶ 24} In addition, we find no merit to Austin's vague assertion that the imposition of postrelease control breached the agreed upon terms of his plea agreement with the state. We recognize that "[a] plea agreement is a contract between the state and a criminal defendant and is subject to contract-law principles." *State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 36, citing *State v. Butts*, 112 Ohio App.3d 683, 686, 679 N.E.2d 1170 (8th Dist.1996); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.1986). As this court has explained:

> "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." *State v. Legree*, 61 Ohio App.3d 568, 573 N.E.2d 687 (6th Dist.1988). A prosecutor's failure to comply with the terms of the plea agreement may, in some circumstances, render a defendant's plea involuntary and undermine the constitutionality of a conviction based upon that plea. *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

*State v. Parham*, 8th Dist. Cuyahoga No. 105983, 2018-Ohio-1631, ¶ 24. In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. *State v. Latimore*, 8th Dist. Cuyahoga No. 92490, 2010-Ohio-1052, ¶ 7.

{¶ 25} In this case, we find no language in the transcript to support Austin's position that the trial court's imposition of postrelease control breached a term of his plea agreement with the state. Here, the state carefully outlined the terms of the agreement and indicated that Austin would be pleading to amended charges in exchange for an agreed-upon sentence of eight years in prison. The state's description of the plea agreement contained no explicit promises that postrelease control would not be imposed. *See Groves* at ¶ 36 ("The terms of a plea agreement must therefore be explicit."). Moreover, Austin has not presented any persuasive arguments on appeal to suggest the state had the authority to contractually modify the court's imposition of the statutorily mandated period of postrelease control. *See State v. Lewis*, 7th Dist. Columbiana No. 09CO9, 2008-Ohio-6373, ¶ 15. *See also*

R.C. 2967.28 and 2929.14(D). Under these circumstances, we find nothing in the record that can be reasonably construed as creating a contractual obligation that prevented the trial court from imposing postrelease control.

{¶ 26} Austin's sole assignment of error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR