[Cite as *State v. Johnston*, 2021-Ohio-4347.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                     Court of Appeals No. WD-21-038

    Appellee                                 Trial Court No. 2019CR0131

v.

Michael Shawn Johnston                  **DECISION AND JUDGMENT**

    Appellant                                Decided:  December 10, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Michael Johnston, appeals the May 24, 2021 judgment of the

Wood County Court of Common Pleas sentencing him to 18 months in prison.  For the

following reasons, we affirm.

## I. Background and Facts

{¶ 2} On April 4, 2019, Johnston was indicted of five charges. Four of the charges were robbery; two of the robbery counts alleged second-degree robbery under R.C. 2911.02(A)(2), and two of the counts alleged third-degree robbery under R.C. 2911.02(A)(3). The fifth charge was fifth-degree theft under R.C. 2913.02(A)(1).

{¶ 3} On August 20, 2019, Johnston pleaded guilty to one count of third-degree robbery and agreed to provide testimony against his codefendant in exchange for the state dismissing the remaining four charges at sentencing. The trial court found Johnston guilty. During its recitation of the facts underlying the case, the state explained that, in December 2018, two men robbed a kettle corn cart operating at the Wood County fairgrounds. The robbers took over $2,000 from the cart, and pushed one of the two workers to the ground, causing her a minor knee injury. The police officers' investigation led them to conclude that Johnston was the getaway driver for the robbers.

{¶ 4} On May 21, 2021, the trial court held Johnston's sentencing hearing. After hearing statements from the prosecutor, defense counsel, and Johnston, the court reviewed the factors it took into consideration when sentencing Johnston. Relating specifically to Johnston's likelihood of recidivism, the court, referring to information in the presentence investigation report ("PSI"), stated that

> [t]he recidivism likelihood is almost a checked box of why it's likely
> that you'll commit more crimes. I mean, you're on probation when the
> offense was committed. You have a history of criminal convictions. You

2.

haven't responded well to sanctions in the past. And then you have acknowledged today that you were using drugs at the time and that was a factor that precipitated the commission of this crime.

{¶ 5} However, the court also noted that, at the time of Johnston's PSI interview, approximately one year before the sentencing hearing, he did not acknowledge the role his drug use played in his participation in the robbery. The court "sense[d] some remorse now * * *[,]" which it attributed to Johnston being imprisoned in Indiana on an unrelated charge for the year prior to the sentencing hearing. The court said that Johnston's remorse "could be a mitigating factor as far as whether you're likely to commit future crimes." But the court also went on to say that "you can't go in—you can't be physical with somebody and take money as you know. You have acknowledged that."

{¶ 6} Ultimately, the court concluded that:

[W]ith your record, the statements that were made today, the contents of the PSI report, the purposes and principles of sentencing, the seriousness and recidivism factors that I just went over with you, the need for deterrence, incapacitation, rehabilitation and restitution, I will find that a prison sentence is consistent with the principles and purposes of sentencing. I don't think you're amenable to community control sanctions at this point. Your conduct was serious. You had impact on the victim, both physical

and psychological. I think it's reasonably necessary to deter you from future crimes and to protect the public. And I don't think a term of imprisonment will serve an unnecessary burden on the government resources.

The court sentenced Johnston to 18 months in prison.

{¶ 7} In its May 24, 2021 sentencing entry, the court specifically stated that it considered the principles and purposes of sentencing and

pursuant to [R.C.] 2929.12 * * * , the Court in exercising its discretion has considered the seriousness and recidivism factors, as well as any other factors that are relevant to achieving the purposes and principals [sic] of sentence [sic]. The Court has also considered the defendant's prior criminal record.

{¶ 8} Johnston now appeals, raising one assignment of error:

The Trial Court erred in sentencing Johnston to a term of incarceration.

## II. Law and Analysis

{¶ 9} In his assignment of error, Johnston argues that the trial court abused its discretion in sentencing him because it made "contradictory findings of fact" regarding Johnston's likelihood of committing future crimes.

{¶ 10} The state responds that the Supreme Court of Ohio's holding in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, "definitive[ly] and

4.

dispositive[ly]" prevents us from independently weighing the evidence in the record and substituting our judgment for the trial court's judgment regarding the sentence that best complies with the dictates of R.C. 2929.11 and 2929.12. We agree.

{¶ 11} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). The statute provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 12} Johnston does not complain that his sentence violates R.C. 2953.08(G)(2)(a). This leaves R.C. 2953.08(G)(2)(b) as the only basis for challenging his sentence. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, we recognized that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily-permissible range.

5.

**{¶ 13}** Importantly, however, R.C. 2953.08(G)(2)(b) does *not* permit an appellate court to independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, or modify or vacate a sentence based on the lack of support in the record for the trial court's findings under those statutes. *Jones* at ¶ 39, 41-42; *see also State v. Toles*, Slip Opinion No. 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring) (R.C. 2953.08 "precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."). Indeed, as this court has repeatedly recognized, we are precluded from reviewing a felony sentence "where—as here—the appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 or 2929.12 when fashioning [a] sentence." *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256, ¶ 9, citing *Jones* at ¶ 42; *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13 ("In light of *Jones*, assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error.").

**{¶ 14}** Accordingly, because we cannot second-guess the trial court's application R.C. 2929.11 or R.C. 2929.12—including, but not limited to, the trial court's application of the seriousness and recidivism factors in R.C. 2929.12, which are the focus of his appeal—Johnston's sole assignment of error is not well-taken.

6.

### III.  Conclusion

**{¶ 15}** For the foregoing reasons, the May 24, 2021 judgment of the Wood County Court of Common Pleas is affirmed.  Johnston is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                          

                          JUDGE

Thomas J. Osowik, J.


Christine E. Mayle, J.                        

CONCUR.                        JUDGE


                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.