[Cite as *State v. Skorich*, 2023-Ohio-2993.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-22-1233

      Appellee                                  Trial Court No.  CR0202201235

v.

Jacob Edward Skorich                          **DECISION AND JUDGMENT**

      Appellant                                 Decided:  August 25, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**DUHART, P.J.**

{¶ 1} This case is before the court on appeal by appellant, Jacob Edward Skorich,

from the judgment of the Lucas County Common Pleas Court journalized July 29, 2022.

For the reasons that follow, we affirm.

**Assignment of Error**

The Trial Court's imposition of an almost maximum sentence was

an abuse of discretion because the Trial Court sentenced Skorich []as

though he continued to present a danger to the community.

## Background

{¶ 2} On February 14, 2022, Skorich was indicted on one count of theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree (Count 1), six counts of theft in violation of R.C. 2913.02(A)(1) and (B)(2) and R.C. 2913.71(A), each a felony of the fifth degree (Counts 2 - 7), two counts of identity fraud in violation of R.C. 2913.49(B)(2) and (I)(2), each a felony of the fifth degree (Counts 8 and 9), two counts of burglary in violation of R.C. 2911.12(A)(2) and (D), each a felony of the second degree (Counts 10 and 11), and one count of breaking and entering in violation of R.C. 2911.13(A) and (C), a felony of the fifth degree (Count 12). These charges were based on crimes Skorich allegedly committed against numerous victims.

{¶ 3} On June 30, 2022, a plea hearing was held at which Skorich entered a plea of guilty to Counts 1 - 7, and 12, as well as to an amended Count 10, attempted burglary in violation of R.C. 2911.12(A)(2) and (D) and R.C. 2923.02. Counts 8, 9 and 11 were to be nollied at sentencing.

{¶ 4} At the plea hearing, it was revealed that Skorich was on post-release control, and additionally, he had pending warrants in Wood County "for similar behavior."

{¶ 5} Skorich was sentenced on July 28, 2022. At the sentencing hearing, Skorich's attorney stated that, in addition to the charges in Wood County, there were also "some misdemeanors in warrant status in the state of Michigan." Skorich also spoke, expressing regret for his actions, and apologizing to the victims of his crimes, the court, his family, and his loved ones. He explained he suffered from addiction and mental

2.

illnesses, including schizophrenia disorder, major depression, anxiety, and PTSD, and he shared the difficulties he endured when he got out of prison in 2020, due to the coronavirus. He also relayed to the court that he had recently found medication that works on his mental health issues and that he would not be able to take those medications in prison.

{¶ 6} Prior to sentencing Skorich, the judge made the following relevant remarks.

Mr. Skorich, I read the letter that you sent me and I listened carefully to what you and your lawyer told me today. Frankly, I did - - I do find your sentiment to be sincere. You have expressed genuine remorse for the victims of your crimes and you've demonstrated true insight into your own struggles with trauma, substance abuse and serious mental illness.

* * * I do believe that you want to get better and to do better and because of that if you came to me today with a minimal history, I would very likely take a chance on you and fashion a sentence that allowed you to remain in the community and address the underlying issues that are at the root of your criminality.

But, Mr. Skorich, * * * you don't come to me today with a minimal criminal history, quite to the contrary. In fact, you have 46 prior adult misdemeanor convictions and 17 adult felony convictions. You have active felony warrants out of two other jurisdictions, you're on active Post

3.

Release Control Supervision. Prior Community Control placements have not been successful.

The ORAS assessment deems you to be a high risk for recidivism, which is certainly supported by your criminal record. So you don't get the benefit of the doubt anymore. You victimized our community for years by stealing, vandalizing, robbing and burglarizing the homes and property of every day, [sic] hard working citizens and because of that it's now my job to protect them from you and it appears the only avenue by which to accomplish that is incarceration.

{¶ 7} The court also specifically stated that it had "considered the record, oral statements, any victim impact statement, PSI prepared as well as the principles and purposes of sentencing under [R.C.] 2929.11 and * * * balanced the seriousness and recidivism factors under 2929.12."

{¶ 8} Skorich was then sentenced, on Counts 1 - 7 and 12, to 10 months in prison on each count, and 24 months as to the amended Count 10. The sentences were ordered to be served consecutively, for a total prison term of 104 months. Additionally, Skorich was ordered to pay $17,829.71 in restitution to his victims.

{¶ 9} Skorich appealed the July 29, 2022 judgment entry memorializing this sentence.

4.

**Arguments and Analysis**

{¶ 10} Skorich has argued that, contrary to the requirements set forth in R.C. 2929.12(C), the trial court improperly failed to consider the fact that Skorich did not cause any physical harm, and that "the mitigating factors of his mental health and substance abuse were substantial, and finally getting under control," therefore, it was an abuse of discretion to send him to prison rather than place him on community control.

{¶ 11} We note that we do not review the trial court's sentence under an abuse of discretion standard. Rather, we review challenges to felony sentences under R.C. 2953.08(G)(2). *State v. Purley*, 6th Dist. Lucas No. L-21-1216, 2022-Ohio-2524, ¶ 8. R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court finds by clear and convincing evidence that either of the following apply: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" or (b) "the sentence is otherwise contrary to law."

{¶ 12} We also observe that, although the state maintained that the trial court properly imposed consecutive sentences, citing R.C. 2929.14(C)(4) and *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, Skorich did not argue that the trial court improperly imposed consecutive sentences, nor did he raise it as an assignment of error. As this issue was not raised by Skorich, we need not consider it here.

5.

{¶ 13} Instead, Skorich argues that his sentence is contrary to law, citing to R.C. 2929.12(C). He contends that statute requires the trial court to consider the following relevant factors which would indicate that his conduct was less serious than conduct normally constituting an offense: that he did not cause physical harm to a person and that there are substantial grounds to mitigate his conduct, although the grounds are not enough to constitute a defense. He argues that these factors are applicable because "absolutely no evidence was presented that showed any of Skorich's victims suffered any harm. The Trial Court admitted Skorich expressed remorse. It admitted Skorich finally was successfully managing his mental health and his substance abuse issues. Skorich told the Trial Court he gained control over his mental health after his counselor[] figured out what medication managed his symptoms but he was not going to have access to that medication if he were in prison."

{¶ 14} In *State v. Goode*, 6th Dist. Sandusky No. S-22-012, 2023-Ohio-863, ¶ 13, citing *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, 41-42, we found that "under *State v. Jones*, we may not independently weigh the evidence and substitute our judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may we modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes." Skorich has essentially acknowledged this. Nonetheless, he points to the concurring opinion of Justice Fischer in *Jones* to support his argument that we can review the trial court's R.C. 2929.12 findings.

6.

{¶ 15} Pursuant to *Jones*, "we are precluded from reviewing a felony sentence 'where - as here - the appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 or 2929.12 when fashioning [a] sentence." *State v. Cruz*, 6th Dist. Erie No. E-21-057, 2022-Ohio-3356, ¶ 23, quoting *State v. Johnston*, 6th Dist. Wood No. WD-21-038, 2021-Ohio-4347, ¶ 13.  In such a case, we may summarily deny the appeal.

{¶ 16} Skorich's sole argument here is that the trial court improperly considered the factors in R.C. 2929.12.  Therefore, based on the authority of *Jones*, we find appellant's sole assignment of error not well-taken.

{¶ 17} The judgment of the Lucas County Common Pleas Court is affirmed. Pursuant to App.R. 24, Skorich is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.
_____
JUDGE
Christine E. Mayle, J.

Myron C. Duhart, P.J.
_____
CONCUR.
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.